**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JAMES I. CAMERON, JR., Plaintiff, | ) | |
| v. | ) | Case No. 22-1168-JAR-GEB |
| CITY OF WICHITA, SGT. (fnu) TRAIN, and Off. (fnu) BOAL, Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff James I. Cameron, Jr.'s Motion for Reconsideration ("Motion") (**ECF No. 26**). Plaintiff seeks reconsideration of the Court's Order denying without prejudice to refiling his Motion for Appointment of Counsel[1]. For the reasons outlined below, Plaintiff's Motion is **GRANTED in part**.

## I. Procedural Background

Plaintiff brought this action against the City of Wichita and two Wichita Police Department officers, Sgt. (fnu) Train and Off. (fnu) Boal alleging use of excessive force in violation of 42 U.S.C. § 1983. Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis[2] which the Court granted[3]. Plaintiff filed an Amended Complaint[4] and Motion for Appointment of Counsel[5] on October 5, 2022. Service on the Defendants was attempted.

---

[1] ECF No. 18.
[2] ECF No. 2.
[3] ECF No. 5.
[4] ECF No. 6.
[5] ECF No. 10.

While service was being attempted, the Court denied without prejudice Plaintiff's Motion for Appointment of Counsel on October 24, 2022.[6] After an extension of time, Defendants filed a timely Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") on November 16, 2022.[7] Just four days after Defendants filed their Motion to Dismiss, on November 21, 2022 Plaintiff emailed the undersigned's chambers with an informal request for reconsideration of its order denying his Moton for Appointment of Counsel.[8] The Court responded to Plaintiff and counsel regarding filing a formal motion for its consideration[9] and set the case for a Status Conference on November 29, 2022. Plaintiff filed the current Motion on November 28, 2022.

## II. Discussion

### A. Timeliness of Motion

Pursuant to D. Kan. R. 7.3(b), motions for reconsideration of non-dispositive orders must be filed within 14 days after the order is filed unless the Court extends the time. The Court's Order denying without prejudice to refiling Plaintiff's Motion for Appointment of Counsel was entered on October 24, 2022, making any motion for reconsideration due on November 7, 2022. Where Plaintiff is acting *pro se*, he informally sought reconsideration just four days after Defendants filed their Motion to Dismiss which he felt he was unable to respond to without counsel, and he promptly filed the current Motion after correspondence with the Court and counsel, the Court pursuant to D. Kan. R. 7.3(b) extends

---

[6] ECF No. 18.
[7] ECF No. 22.
[8] A copy of Plaintiff's November 21, 2022 email is maintained in the Court's electronic file.
[9] A copy of the Court's November 21, 2022 response to Plaintiff and counsel is maintained in the Court's electronic file.

the deadline for Plaintiff to file any motion for reconsideration up to and including November 28, 2022, thus Plaintiff's Motion is timely.

**B. Reconsideration**

On non-dispositive orders, "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[10] When analyzing the *Castner*[11] factors in its Order denying without prejudice to refiling Plaintiff's Motion for Appointment of Counsel, one of the primary reasons for denying the motion was the Court's finding Plaintiff had not been diligent enough in his search for counsel. Plaintiff's Motion for Appointment of Counsel included the names and contact information for five different attorneys or entities he contacted in his search for representation, including one attorney who briefly represented him in this case. Because Plaintiff had previously secured counsel to represent him, the Court believed it was possible a continued search for an attorney to take on his case could prove successful. The Court was hopeful with additional time and diligence, Plaintiff would secure an attorney to represent him in this case. Plaintiff, in his Motion however, included new evidence he has now contacted thirteen attorneys or entities and still has been unable to engage counsel to represent him in this matter.

Plaintiff has convinced the Court it should take another look at the *Castner* factors to determine if counsel should be appointed. In *Castner*, the Tenth Circuit identified four factors which are pertinent to the district court's decision when determining whether to

---

[10] D. Kan. R. 7.3(b).

[11] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).

appoint counsel. Those factors are: (1) the plaintiff's ability to afford counsel; (2) the plaintiff's diligence in searching for counsel; (3) the merits of the plaintiff's case; and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel.[12] The law also requires a plaintiff to state a viable claim for relief and the court must have subject matter jurisdiction over that claim.[13]

Plaintiff via his financial affidavit and the Court's order granting his motion to proceed *in forma pauperis*[14] has satisfied the first factor in the *Castner* analysis; he is unable to afford counsel.

As discussed above, Plaintiff has searched for counsel. Plaintiff's Motion includes the names of thirteen different attorneys or entities he contacted in his search for representation. Where Plaintiff has still been unsuccessful in securing counsel, the Court finds the second factor weighs in favor of appointment of counsel.

The third factor of *Castner* requires the Court find Plaintiff has stated a valid claim. The Court previously reviewed the allegations of Plaintiff's Complaint and, if taken as true, finds the facts alleged tend to support a claim under 42 U.S.C. § 1983.

Plaintiff initially failed the fourth factor - his capacity to prepare and present the case without the aid of counsel. Now having had the opportunity to review Defendant's Motion to Dismiss, the Court finds Plaintiff cannot adequately defend the Motion to Dismiss without counsel. Upon reconsideration, the factors weigh in favor of seeking an attorney to represent Plaintiff.

---

[12] *Id.* at 1420-21.
[13] *Id.*
[14] ECF No. 5.

### C. Limited Appointment

The Court appoints Penner Lowe Law Group, LLC, 245 N. Waco Street, Suite 125, Wichita, Kansas 67202 to represent Plaintiff for the limited purpose of meeting with Plaintiff to determine whether the Amended Complaint is viable, responding to the pending Motion to Dismiss for Failure to State a Claim, and appearing for a Scheduling Conference, which will be set separately.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration ("Motion") (**ECF No. 26**) is **GRANTED in part** such that the appointment is limited through the initial scheduling of the case.

**IT IS FURTHER ORDERED** Penner Lowe Law Group, LLC is appointed for the limited purpose set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge