# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES I. CAMERON, JR., )
)
　　　　　　　　　　　Plaintiff, )
)
v. ) Case No. 22-1168-JAR-GEB
)
CITY OF WICHITA, BREK TRAIN, )
and KYLE BOAL, )
)
　　　　　　　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　　　)

## ORDER

This matter is before the Court on Plaintiff James I. Cameron, Jr.'s Motion to Reconsider Legal Counsel ("Motion") (**ECF No. 60**). Plaintiff seeks reconsideration of the Court's Order granting in part his Motion for Reconsideration of the Court's Order denying his Motion for Appointment of Counsel[1]. For the reasons outlined below, Plaintiff's Motion is **DENIED**.

## I.   Procedural Background

Plaintiff brought this action against the City of Wichita and two Wichita Police Department officers, Off. Breck Train and Off. Kyle Boal alleging use of excessive force in violation of 42 U.S.C. § 1983. Plaintiff filed a Motion for Leave to Proceed In Forma

---

[1] ECF No. 29.

Pauperis[2] which the Court granted[3]. Plaintiff filed an Amended Complaint[4] and Motion for Appointment of Counsel[5] on October 5, 2022. Service on the Defendants was attempted.

While service was being attempted, the Court denied without prejudice Plaintiff's Motion for Appointment of Counsel on October 24, 2022.[6] After an extension of time, Defendants filed a timely Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") on November 16, 2022.[7] Just four days after Defendants filed their Motion to Dismiss, on November 21, 2022 Plaintiff emailed the undersigned's chambers with an informal request for reconsideration of its order denying his Moton for Appointment of Counsel.[8] The Court responded to Plaintiff and counsel regarding filing a formal motion for its consideration[9] and set the case for a Status Conference on November 29, 2022. Plaintiff filed his formal motion on November 28, 2022.

The Court held the conference and on November 30, 2022 granted Plaintiff's motion in part and appointed the Penner Lowe Law Group, LLP for a limited purpose. The firm was appointed to "to represent Plaintiff for the limited purpose of meeting with Plaintiff to determine whether the Amended Complaint is viable, responding to the pending Motion to Dismiss for Failure to State a Claim, and appearing for a Scheduling Conference," which was set separately. The Penner Lowe firm undertook representation as ordered and

---

[2] ECF No. 2.
[3] ECF No. 5.
[4] ECF No. 6.
[5] ECF No. 10.
[6] ECF No. 18.
[7] ECF No. 22.
[8] A copy of Plaintiff's November 21, 2022 email is maintained in the Court's electronic file.
[9] A copy of the Court's November 21, 2022 response to Plaintiff and counsel is maintained in the Court's electronic file.

following the Scheduling Conference on March 8, 2023 was found to have completed their duties as contemplated by their limited appointment. Sylvia Penner and Ima Odeyemi were thereby permitted to withdraw as counsel for Plaintiff.

## II. Discussion

It appears Plaintiff now asks the Court to reconsider its prior order appointing counsel for a limited purpose and asks it to appoint counsel for the entirety of the case.

### A. Timeliness of Motion

Pursuant to D. Kan. R. 7.3(b), motions for reconsideration of non-dispositive orders must be filed within 14 days after the order is filed unless the Court extends the time. The Court's Order granting in part Plaintiff's Motion for Reconsideration was entered on November 29, 2022, making any motion for reconsideration due on December 13, 2022. The current Motion was not filed until May 11, 2023. This is not the first untimely Motion for Reconsideration Plaintiff has filed. His prior motion (ECF No. 26) was filed just over one month after the Order he sought reconsideration of was entered and just four days after Defendants filed their Motion to Dismiss, which he felt he was unable to respond to without the assistance of counsel. There, the Court pursuant to D. Kan. R. 7.3(b) extended the deadline for Plaintiff to file any motion for reconsideration. However, in the current Motion Plaintiff has waited nearly six months after the Court order which he seeks reconsideration of to file his motion. The Court finds Plaintiff's Motion is untimely.

The Court has twice before reviewed the *Castner*[10] factors[11] and previously appointed counsel for a limited purpose.[12] Prior counsel assisted Plaintiff with an Amended Complaint and the Motion to Dismiss was found as moot. With that motion behind him, Plaintiff again fails the fourth factor – his capacity to prepare and present the case without the aid of counsel.[13] He has not shown he does not have the capacity to prepare and present the case without the aid of counsel. Plaintiff, along with his then appointed counsel, participated in the Court's Scheduling Conference; he has recently filed the current Motion along with a motion for summary judgment and a second motion to produce documents (ECF No. 59); and represented himself at the June 5, 2023 motion hearing. He has not shown he is entitled to relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Legal Counsel (**ECF No. 60**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of June 2023.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[10] *Castner v. Colorado Springs Cablevision,* 979 F.2d 1417 (10th Cir. 1992).
[11] ECF Nos. 18 and 29.
[12] ECF No. 29.
[13] *Castner,* 979 F.2d at 1422.